UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-1889-GW-RAOx | Date | March 30, 2022 |
|---|---|---|---|
| Title | Doris Mabel Pike v. Hobby Lobby Stores, Inc., et al. | Page | 1 of 2 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – COURT'S RULING ON PLAINTIFF'S EX PARTE APPLICATION TO REMAND ACTION BACK TO STATE COURT [17]**

Plaintiff Doris Mabel Pike sued Defendant Hobby Lobby Stores, Inc. for tort claims related to an alleged slip and fall in a Hobby Lobby store in Burbank, California. *See generally* Complaint, Docket No. 1-1. Defendant removed the case to federal court on March 23, 2022. *See* Notice of Removal, Docket No. 1. On March 28, 2022, Plaintiff filed an Ex Parte Application to Remand Case to State Court ("Application"), *see* Docket No. 17.[1] Defendant filed an opposition to the Application on March 28, 2022. *See* Opposition to Plaintiff's Ex Parte Application to Remand (Docket No. 18).

The Court would deny Plaintiff's Ex Parte Application for several reasons. For one, Plaintiffs have failed to comply with the requirements of Local Rule 7-19, as Plaintiff has apparently failed to make reasonable, good faith efforts to advise Defendant's counsel of the date and substance of the proposed ex parte application and failed to advise the Court of any such efforts. Nor has Plaintiff included a separate proposed order with her filing, per the requirements of Local Rule 7-20.

More importantly – and as noted in the Court's Procedures – ex parte applications are for *extraordinary* relief. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.

---

[1] Plaintiffs originally filed an ex parte application on March 24, 2022, *see* Docket No. 9, but that filing was stricken by the Court for the deficiencies noted in Docket No. 12. *See* Docket No. 16.

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk JG |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1889-GW-RAOx | Date | March 30, 2022 |
| Title | *Doris Mabel Pike v. Hobby Lobby Stores, Inc., et al.* | Page | 2 of 2 |

Supp. 488 (C.D. Cal. 1995). To justify *ex parte* relief, a party must demonstrate "why the regular noticed motion procedures must be bypassed," as well as establish: (1) "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Plaintiff has shown none of these, nor even attempted to do so. To the contrary, it appears that this ex parte application could simply be heard through the normal noticed motion procedures without any prejudice to Plaintiff whatsoever. Should Plaintiff desire this issue to be heard by the Court, she may file a notice of motion and motion pursuant to the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, and this Court's Procedures.

    For these reasons, the Court DENIES Plaintiff's Ex Parte Application.